**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1573
_____

UNITED STATES OF AMERICA

v.

MICHAEL SHANE WAGGONER,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:12-cr-00309-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 6, 2024

Before: SHWARTZ, MATEY, and McKEE, *Circuit Judges*

(Opinion filed March 10, 2025)

_____

OPINION*
_____

McKEE, *Circuit Judge*.

---

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Michael Waggoner appeals the 16-month prison sentence he received for violating the conditions of his supervised release, as well as the District Court's imposition of a condition of supervised release prohibiting him from viewing adult pornography. We will affirm the 16-month sentence but vacate the challenged condition of supervised release.[1]

**I.**

In 2013, Waggoner pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5), and failure to register under the Sex Offender Registration and Notification Act, in violation of 18 U.S.C.§ 2250. The District Court sentenced Waggoner to 10 years of imprisonment followed by 15 years of supervised release.

In July 2021, Waggoner began supervised release. Less than a year later, in September 2022, the Probation Office filed a petition to revoke Waggoner's supervised release, alleging that he had violated several conditions of supervision. Waggoner admitted to using a computer at the library to view pornography and offering an intellectually disabled adult money in exchange for oral sex. Finding that Waggoner had violated the conditions of supervised release, the District Court sentenced Waggoner to 8 months of imprisonment followed by 10 years of supervised release.

In May 2023, Waggoner began his new term of supervised release. Again, less than a year later, the Probation Office filed a petition to revoke Waggoner's supervised release, alleging that he had violated several conditions of supervision. Waggoner

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

admitted to possessing an unauthorized cellphone for six months without informing his probation officer, and using it to view adult pornography. Although no child pornography was found on the phone, Waggoner admitted to searching for images of children peeing.

The District Court determined that Waggoner's Guidelines range was 4 to 10 months of imprisonment. Defense counsel conceded "that the court could justify a sentence probably a little bit above the guideline range."[2] After listening to Waggoner's allocution, and considering the "appropriate factors set forth in Section 3553," the District Court concluded that Waggoner posed "a significant danger to the community" due to his repeated "deceitful and deceptive behaviors."[3] The District Court expressed concern that Waggoner had not been deterred from reoffending by his previous sentences and that he presented a "high risk [of] recidivism."[4] Accordingly, the District Court sentenced Waggoner to a term of 16 months of imprisonment because it was "necessary to deter Mr. Waggoner and to protect the community from future criminal activity."[5] The District Court also sentenced Waggoner to an additional 10 years of supervised release.

As a condition of supervised release, the District Court prohibited Waggoner from viewing or possessing "any 'visual depiction' (as defined in 18 U.S.C. § 2256), including any photograph, film, video, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as

---

[2] Appx. 53.
[3] Appx. 53–54.
[4] Appx. 54.
[5] Appx. 54. The District Court also found that a sentence above the Guidelines range was justified by Application Note 3 of USSG § 7B1.4.

defined in 18 U.S.C. § 2256)."[6] Defense counsel asked the District Court for clarification as to whether this condition prohibited Waggoner from viewing adult pornography. Rather than clarifying the scope of the District Court's condition, the judge sought guidance from the probation officer. The probation officer advised that Waggoner also had a condition requiring treatment, and that as part of his treatment, Waggoner would "sign[] a contract with the treatment provider not to view any pornography, whether it's adult or child pornography."[7] The District Court found that the probation officer had "clarifie[d]" the condition.[8] Despite imposition of a special condition that explicitly forbid Waggoner from viewing or possessing "sexually explicit conduct," the District Court adamantly stated that it had not imposed any condition prohibiting Waggoner from viewing adult pornography.

## II.

Waggoner argues that his 16-month sentence is procedurally and substantively unreasonable. Generally, we review whether a revocation sentence is procedurally and substantively reasonable for abuse of discretion.[9] Because Waggoner raises procedural reasonableness for the first time on appeal, however, plain error review applies to that issue.[10]

---

[6] Appx. 8.
[7] Appx. 55.
[8] Appx. 55.
[9] *See United States v. Thornhill*, 759 F.3d 299, 307 n.9 (3d Cir. 2014).
[10] *See United States v. Packer*, 83 F.4th 193, 198 (3d Cir. 2023).

When reviewing a sentence for reasonableness, we first consider whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."[11] Second, we consider the substantive reasonableness of the sentence imposed, "tak[ing] into account the totality of the circumstances."[12] "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[13]

Waggoner contends that the District Court "erred in its weighing of the [§] 3553(a) factors" because the violation was "relatively minor" and he "quickly took responsibility for his mistake."[14] In fashioning a sentence, however, the District Court properly calculated the Guidelines range and considered the appropriate § 3553(a) factors, as well as Waggoner's allocution. While the District Court acknowledged Waggoner was "aware[] of his addiction to child pornography" and understood "his responsibility . . . to stop that conduct," the District Court concluded, based on Waggoner's history, that he is at "very high risk" of recidivism.[15] Although Waggoner's

---

[11] *Gall v. United States*, 552 U.S. 38, 51 (2007).
[12] *Id.*
[13] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).
[14] Opening Br. 21.
[15] Appx. 54.

phone did not contain any child pornography, the District Court noted that Waggoner had used the unauthorized cellphone to "search[] for nude young boys."[16] The District Court sentenced Waggoner above the Guidelines because it was "necessary to deter Mr. Waggoner and to protect the community from future criminal activity."[17] Under these circumstances, it cannot be said that no reasonable court would have imposed a 16-month sentence for Waggoner's second violation of supervised release. Accordingly, the 16-month sentence was procedurally and substantively reasonable.

**III.**

Waggoner also appeals the District Court's imposition of a condition of supervised release prohibiting him from viewing or possessing "sexually explicit conduct."[18] We review a district court's decision to impose conditions of supervised release for abuse of discretion.[19] A district court acts within its discretion if it meets the following two criteria: "First, the condition must be reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) & (2)(B)-(D). . . . Second, a condition must involve no greater deprivation of liberty than is reasonably necessary to achieve the deterrence, public protection and/or correctional treatment for which it is imposed."[20]

To its credit, the government concedes that this condition should be vacated from the judgment "[b]ecause the written judgment conflicts with the district court's

---

[16] Appx. 54.
[17] Appx. 54.
[18] Appx. 8.
[19] *United States v. Loy*, 237 F.3d 251, 256 (3d Cir. 2001).
[20] *Id.*

unambiguous statements at the sentencing hearing that it did not intend to impose a freestanding condition that prohibited Waggoner from viewing adult pornography."[21] Given that the District Court apparently did not realize the condition it imposed forbid adult pornography, it could not have considered whether the condition was reasonably related to the § 3553(a) factors. "Although a ban on accessing sexually explicit material involving children would certainly be reasonable, there are First Amendment implications for a ban that extends to explicit material involving adults."[22] "[T]o avoid First Amendment infirmity, [such] a probation condition must be 'narrowly tailored' and 'directly related' to the goals of protecting the public and promoting . . . rehabilitation."[23] Because the District Court failed to even recognize that it was imposing such a ban, it could not have been narrowly tailored to involve no greater deprivation of liberty than was reasonably necessary. Moreover, the District Court's misleading and conflicting messages as to whether Waggoner was prohibited from viewing adult pornography violated Waggoner's due process rights "by failing to provide [him] with adequate notice of what he may and may not do, chilling his First Amendment rights in the process."[24]

Rather than eliminate this condition when defense counsel asked for clarification as to whether it prohibited the viewing of adult pornography, the District Court exacerbated the problem by deferring to the probation officer. After seeking guidance

---

[21] Answering Br. 19.

[22] *United States v. Voelker*, 489 F.3d 139, 151 (3d Cir. 2007).

[23] *Loy*, 237 F.3d at 264 (quoting *United States v. Crandon*, 173 F.3d 122, 128 (3d Cir. 1999)).

[24] *Id.* at 267.

from the probation officer as to whether a ban would apply, the officer explained that Waggoner would "sign[] a contract with the treatment provider not to view any pornography, whether it's adult or child pornography. So that is a condition of the court."[25] The District Court then informed defense counsel: "I think that clarifies it."[26] However, "a probation officer may not decide the nature or extent of the punishment imposed upon a probationer. This limitation extends not only to the length of a prison term imposed, but also to the conditions of probation or supervised release."[27] The District Court's reliance on the probation officer to interpret whether a prohibition on adult pornography applied was tantamount to an impermissible delegation of judicial authority.

## IV.

For the foregoing reasons, we will vacate the challenged condition of supervised release and affirm all other aspects of Waggoner's sentence. We will remand to the District Court for further proceedings consistent with this opinion.

---

[25] Appx. 55
[26] *Id.*
[27] *United States v. Pruden*, 398 F.3d 241, 250 (3d Cir. 2005) (citations omitted).

8